E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorney
Asset Forfeiture and Recovery Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2686
    Facsimile:  (213) 894-0142
    E-mail:     James.Dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$76,281.21 SEIZED FROM ONE PACIFIC PREMIER BANK ACCOUNT,<br><br>    Defendant. | No. 8:23-cv-02280<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>18 U.S.C. §§ 981(a)(1)(A) and (C) and 984<br><br>[F.B.I.] |

Plaintiff United States of America ("the government") brings this claim against the defendant $76,281.21 Seized from One Pacific Premier Bank Account, and alleges as follows:

## JURISDICTION AND VENUE

1. The government brings this *in rem* forfeiture action pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984.

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant is $76,281.21 Seized from One Pacific Premier Bank Account (the "defendant funds"), which were seized pursuant to a federal seizure warrant at Pacific Premier Bank, 1035 State Street, Santa Barbara, California 93101, on November 14, 2022, from a bank account ending in 7646 in the name of Richard Lettelier and for which he is the sole signatory ("Pacific Premier x7646").

6. The defendant funds are in the custody of the United States Marshals Service in this District, where they will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Richard Lettelier ("Lettelier") and GTX Turf Farms, L.P. ("GTX") may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

### Fraud Scheme Proceeds Are Transferred To Pacific Premier x7646

8. On August 10, 2021, a representative of GTX contacted the Santa Barbara Police Department ("SBPD") and reported that GTX was the recent victim of an email hacking scheme whereby an unknown person gained unauthorized access to a GTX email account. The hacker then used that unauthorized access to send false instructions to GTX's accountant instructing him to issue a company check in the amount of

2

$84,500.50 made payable to Lettelier, and to send the check to Lettelier's home in Rancho Santa Margarita, California.[1]

9. On August 2, 2021, GTX sent via federal express to Lettelier check #5445 drawn on GTX's Bank of America checking account, payable to Lettelier for $84,500.50.

10. On August 3, 2021, Lettelier received the check, traveled to a Mission Viejo, California Comerica bank branch and deposited the check into his Comerica Bank account ending in 9209 ("Comerica x9209").

11. On September 7, 2021, Comerica Bank closed Comerica x9209, and provided Lettelier with a cashier's check payable to him for the remaining funds in the account totaling $78,364.21, which cashier's check Lettelier took to a Laguna Niguel, California bank branch and deposited that same day into Pacific Premier x7646 (*i.e.*, the account from which the defendant funds were seized).

12. In September 2021, a SBPD Detective interviewed Lettelier, who told the SBPD Detective the following:

    a. Lettelier is married to a person named Sophia Martins, who has a business partner allegedly named Linda Gomez.

    b. Lettelier communicates with Gomez by text and phone only, and has never met her in person, and Gomez and Martins have spent the past few years together living in South Africa, while on a business trip.

    c. Gomez and Martins have told Lettelier that they needed money to return to the United States.

    d. Lettelier has previously sent money to Gomez and Martins for food, hotel, and hospital expenses.

    e. Lettelier met Martins in 2014 in California and they eventually

---

[1] Pursuant to Local Rule 5.2-1, only the city and state of personal residences are set forth in this Complaint.

3

|   |   |   |
|---|---|---|
| 1 |   | married.  Martins lived with Lettelier at his residence in California |
| 2 |   | until 2017, when Martins left for South Africa where she has |
| 3 |   | remained ever since. |
| 4 | f. | Lettelier receives mailed checks that he deposits, as well as wire |
| 5 |   | transfers that are deposited into his bank account(s).  Lettelier |
| 6 |   | receives these funds from other individuals, in some cases |
| 7 |   | approximately every two weeks.  Lettelier sends the received funds to |
| 8 |   | Gomez and Martins. |

**Lettelier Received Additional Fraud Proceeds From Another Victim**

13. A Special Agent with the Federal Bureau of Investigation and SBPD Detective interviewed a fraud victim "N.K." whose funds Lettelier had deposited into his Comerica x9209 account in 2021.

14. In December 2021, N.K. told the SBPD Detective that N.K. had met an individual on an on-line dating service, and had only ever communicated with the individual on-line or by telephone.  That individual, a romance fraudster, claimed to be a civil engineer from Miami, Florida, and told N.K. that the individual had moved to Africa.  The individual asked N.K. for small amounts of money at first, then larger amounts.  Following the individual romance fraudster's instructions, N.K. wrote checks payable to Lettelier and mailed them to Lettelier's residential address.

15. Lettelier deposited at least $19,000.00 in N.K.'s stolen romance fraud funds into Lettelier's Comerica x9209 account in 2021.  Those romance fraud funds were withdrawn from Comerica x9209 before Lettelier's deposited the stolen GTX funds into the same account.

### FIRST CLAIM FOR RELIEF

16. Based on the above, plaintiff United States of America alleges that the defendant funds constitute or are derived from proceeds traceable to, or a conspiracy to commit violations of 18 U.S.C. § 1343 (wire fraud), which is a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B).  The defendant funds

are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).  In addition, to the extent that the defendant funds are not the actual monies directly traceable to the illegal activity identified herein, plaintiff United States of America alleges that the defendant funds are identical property found in the same account or place as the property involved in the specified offense, rendering the defendant funds subject to forfeiture pursuant to 18 U.S.C. § 984.

## SECOND CLAIM FOR RELIEF

17. Based on the above, plaintiff alleges that the defendant funds constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being a violation of 18 U.S.C. § 1343 (wire fraud).  The defendant funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).  In addition, to the extent that the defendant funds are not the actual monies directly traceable to the illegal activity identified herein, plaintiff United States of America alleges that the defendant funds are identical property found in the same account or place as the property involved in the specified offense, rendering the defendant funds subject to forfeiture pursuant to 18 U.S.C. § 984.

## THIRD CLAIM FOR RELIEF

18. Based on the above, plaintiff alleges that the defendant funds constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1957(a), or property traceable to such property, with the specified unlawful activity being a violation of 18 U.S.C. § 1343 (wire fraud).  The defendant funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).  In addition, to the extent that the defendant funds are not the actual monies directly traceable to the illegal activity identified herein, plaintiff United States of America alleges that the defendant funds are identical property found in the same account or place as the property involved in the specified offense, rendering the defendant funds subject to forfeiture pursuant to 18 U.S.C. § 984.

WHEREFORE, plaintiff United States of America prays:

(a)   that due process issue to enforce the forfeiture of the defendant funds;

(b)   that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c)   that this Court decree forfeiture of the defendant funds to the United States of America for disposition according to law; and

(d)   for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: December 4, 2023

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section

  /s/   *James E. Dochterman*
JAMES E. DOCHTERMAN
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## **VERIFICATION**

I, Taylor Greig, hereby declare that:

1. I am a Special Agent of the Federal Bureau of Investigation and am familiar with this investigation.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents, which I believe to be reliable.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed 12/04/2023 in Ventura, California.

_____
Taylor Greig
Special Agent
Federal Bureau of Investigation